IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TERESA THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV955 |
| | ) | |
| SCA COLLECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge sua sponte to address Plaintiff's failure to comply with court orders. For the reasons that follow, the Court should dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).

BACKGROUND

This case began when Plaintiff (or someone using Plaintiff's name) filed a pro se Complaint (Docket Entry 2), along with an Application for Leave to Proceed In Forma Pauperis ("First IFP Application") (Docket Entry 1). The Complaint contains a "PRELIMINARY STATEMENT," which describes the case as "an action for damages brought for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*[.]" (Docket Entry 2 at 1.) In addition to two purported claims under the FCRA, the Complaint purportedly asserts a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., along with various,

apparent state-law claims. (See id. at 3-9.) The Court (per the undersigned Magistrate Judge) denied the First IFP Application without prejudice to Plaintiff submitting a properly-completed application form. (See Text Order dated Aug. 27, 2012.) Plaintiff (or someone using Plaintiff's name) thereafter filed another request for pauper status ("Second IFP Application"). (Docket Entry 4.) The Court denied the Second IFP Application because (like the First IFP Application) it lacked required information; moreover, that Text Order specifically warned Plaintiff that, if she failed to file a properly completed application form by October 10, 2012, dismissal without prejudice could result. (See Docket Entry 5.) Plaintiff did not file another request for pauper status, by October 10, 2012, or afterwards. (See Docket Entries dated Sept. 25, 2012, to present.)

Shortly after the foregoing deadline passed, the undersigned Magistrate Judge noticed that Plaintiff's First and Second IFP Applications and Complaint all appeared to lack a signature and, instead, appeared to feature a mere printed version of Plaintiff's name in the signature block. (See Docket Entry 1 at 3; Docket Entry 2 at 9; Docket Entry 4 at 4.) Moreover, the undersigned Magistrate Judge determined that the printing on Plaintiff's First and Second IFP Applications, the "signatures" on both of those documents, as well as Plaintiff's Complaint, and the printing on the envelopes used to convey those documents, all bear significant,

distinctive similarities to printing and/or "signatures" on a number of other pauper applications, complaints, and/or envelopes used to convey such documents in similar cases filed pro se in this Court, particularly as to a unique, bubble-type dot on the lower-case "i." (Compare, e.g., Docket Entry 1 at 1, 3, Docket Entry 2-1 at 1, Docket Entry 4 at 1, 3, Docket Entry 4-1 at 1, with Wiggins v. Credit Mgmt., No. 1:11CV1093, Docket Entry 1 at 1-3, Docket Entry 2 at 5; Wiggins v. Firstpoint Collections Res., No. 1:12CV451, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Ferguson v. North Carolina Dep't of Health & Human Servs., 1:12CV493, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Golden v. Firstpoint Collection Serv., No. 1:12CV875, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Shamberger v. Firstpoint Collection Serv., No. 1:12CV876, Docket Entry 1 at 1, 3; Golden v. Absolute Collection Servs., No. 1:12CV956, Docket Entry 1 at 1, 3; Durham v. Absolute Collection Servs., 1:12CV957, Docket Entry 1 at 3, Docket Entry 2-1 at 1; Grant v. Absolute Collection Servs., No. 1:12CV958, Docket Entry 1 at 1, 3; Ferguson v. Absolute Collection Serv., 1:12CV1023, Docket Entry 1 at 1, 3, Docket Entry 2 at 9, Docket Entry 2-1 at 1; Golden v. NCO Fin. Sys., No. 1:12CV1097, Docket Entry 1 at 1, Docket Entry 2 at 9, Docket Entry 2-1 at 1; James v. Firstpoint Collection Serv., No. 1:12CV1098, Docket Entry 1 at 3, Docket Entry 2-1 at 1; and Durham v. National Credit Sys., No. 1:12CV1099, Docket Entry 1 at 3, Docket Entry 2-1 at 1.)

-3-

Further, a review of the complaints in the foregoing cases revealed a number of other unusual similarities both of form and substance, including that most (like Plaintiff's Complaint): 1) state under the heading "JURISDICTION AND VENUE" that "jurisdiction of this Court is conferred by 15 U.S.C. §1681p" and that "[v]enue is proper in this Circuit pursuant to 28 U.S.C. §1391b"; 2) set forth virtually identical sections (including as to content, format, style, and even typographical/scrivener errors) entitled "GENERAL ALLEGATIONS," "COUNT I," "COUNT II," "15 U.S.C 1681b," "COUNT III," "RECKLESS AND WANTON CONDUCT," "COUNT THREE," "COUNT FOUR," "COUNT FIVE," and "COUNT SIX"; and 3) list on the signature page an e-mail address consisting of the respective plaintiff's first and last name (strung together as one term) appended to "_law@hotmail.com" (or, in one case, "_law@live.com"). (Compare Docket Entry 2, with Wiggins, No. 1:12CV451, Docket Entry 2; Ferguson, 1:12CV493, Docket Entry 2; Golden, No. 1:12CV875, Docket Entry 2; Shamberger, No. 1:12CV876, Docket Entry 2; Golden, No. 1:12CV956, Docket Entry 2; Durham, 1:12CV957, Docket Entry 2; Grant, No. 1:12CV958, Docket Entry 2; Ferguson, 1:12CV1023, Docket Entry 2; and James, No. 1:12CV1098, Docket Entry 2.)[1]

---

[1] In addition, one of the previously-cited cases materially differs from the ones cited here only in that it contains a section entitled "FACTUAL ALLEGATIONS" with less content than the "GENERAL ALLEGATIONS" section in the others and in that it lacks their "COUNT THREE," "COUNT FOUR," "COUNT FIVE," and "COUNT SIX." (See Wiggins, No. 1:11CV1093, Docket Entry 2.)  Another of the
(continued...)

Given the foregoing circumstances and the signature requirement imposed by Federal Rule of Civil Procedure 11(a), the undersigned Magistrate Judge set this case for a status conference and placed 13 other similar cases on for hearings/status conferences on the same calendar. (See Docket Entry 6.) Counsel for Defendants appeared at that status conference, but Plaintiff did not. (See Docket Entry dated Nov. 26, 2012.) Indeed, only one of the plaintiffs from the other similar cases noticed for proceedings on that date appeared and he denied preparing, signing, or filing any documents in his case (or authorizing anyone else to take such action), but did acknowledge that he had talked to someone he knew only as "Mussa" about improving his credit record. (See Grant, No. 1:12CV958, Docket Entry dated Nov. 26, 2012.)[2]

DISCUSSION

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for

---

[1](...continued)
previously-cited cases mirrors the others cited here except that it sets forth some additional items under the "GENERAL ALLEGATIONS" heading. (See Golden, No. 1:12CV1097, Docket Entry 2.) Finally, yet another lawsuit (not listed above) matches the cases cited here except that it omits the sections entitled "RECKLESS AND WANTON CONDUCT," "COUNT THREE," "COUNT FOUR," "COUNT FIVE," and "COUNT SIX" and appears to have a normal signature. (See Covington v. Absolute Collection Serv., No. 1:12CV811, Docket Entry 2.)

[2] The Clerk maintains an audio-recording of all the proceedings from that calendar.

failure to comply with court orders. Fed. R. Civ. P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In this case, Plaintiff disobeyed the Court's Orders to submit a properly-completed application for pauper status and to appear at a status conference. These circumstances warrant dismissal under Federal Rule of Civil Procedure 41(b), albeit without prejudice.

In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action under Federal Rule of Civil Procedure 41(b), a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id. In this case, Plaintiff (or whoever improperly filed this case in her name) bears sole responsibility for the instant non-compliance, the conduct (and inaction) at issue prejudiced Defendant by delaying the litigation unduly (and thus depriving Defendant of the opportunity to defend against this apparent sham lawsuit while memories remained freshest and before pertinent records might be lost), the record reflects a pattern of dilatory conduct by Plaintiff (or whoever improperly filed this case in her name), and no other sanction appears feasible or sufficient.

As to that last point, the Court (per the undersigned Magistrate Judge) specifically warned Plaintiff that her failure to submit a timely, properly-completed application for pauper status could result in dismissal of this case without prejudice. "In view of th[at] warning, the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Id.

**IT IS THEREFORE RECOMMENDED** that this action be dismissed under Federal Rule of Civil Procedure 41(b), but without prejudice, in light of the nature of the prior warning.

                                      /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                               **United States Magistrate Judge**

May 30, 2013